UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMAR BROWN, | : CIVIL ACTION NO. 3:CV-11-2346 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| GERALD ROZUM, et al., | : |
| Respondents | : |

**MEMORANDUM**

Petitioner, Lamar Brown, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Adams County, Pennsylvania. (Doc. 1). For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**Background**

On October 20, 2003, Petitioner entered a plea of guilty to three counts of Robbery, in violation of 18 Pa. C.S.A. § 3701. Commonwealth of Pa. v. Brown, CP-01-CR-0000140-2003, Criminal Docket Sheet.

On January 13, 2004, Petitioner was sentenced to three consecutive terms of imprisonment of five (5) to ten (10) years. Id.

On May 27, 2005, Petitioner filed a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S.A. §§ 9541, et seq. ("PCRA"). Id.

On January 12, 2006, the Commonwealth conceded to the primary issue raised in Petitioner's PCRA petition, specifically, whether Petitioner's direct appeal rights should be reinstated. Id. Thus, Brown's PCRA petition, requesting reinstatement of his appeal rights, was

granted. Id.

On January 24, 2006, Petitioner filed his direct appeal. Id.

On January 3, 2007, the Pennsylvania Superior Court considered all issues raised on appeal waived, due to counsel's late filing of his statement of matters being raised on appeal, as required by Pennsylvania Rule of Appellate Procedure 1925, and affirmed Petitioner's judgment of sentence. Id.

On October 30, 2007, Petitioner filed a second PCRA petition, raising, inter alia, ineffective assistance of initial PCRA counsel in filing a late Rule 1925 statement. Id.

On November 12, 2009, the PCRA court found initial PCRA counsel ineffective and granted Petitioner the right to pursue his original direct appeal. Id. The Court denied Petitioner's claim that the Robbery statute was not properly enacted and that the signature on the Information entitled him to relief. Id. All other issues were deferred pending appeal. Id.

Petitioner appealed on December 10, 2009, and the Pennsylvania Superior Court affirmed on November 15, 2010. Id.

On remand, the Court, by Order dated January 14, 2011, appointed counsel and directed that the case would proceed when Petitioner identified the issues he wished to pursue. Id.

On August 4, 2011, Petitioner's counsel notified the Court that the only issue being pursued concerned the validity of Brown's plea due to the impact of his prescribed medication. Id.

After a hearing on October 17, 2011, the trial Court denied Brown's petition on October 31, 2011. Id.

On November 21, 2011, Brown filed a notice of appeal to the Pennsylvania Superior Court. Id.

On December 8, 2011, Petitioner's counsel filed a Statement of Matters Complained of Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and on February 1, 2012, an amended Statement of Matters Complained of was filed. Id.

On December 20, 2011, while his appeal in the Pennsylvania Superior Court was pending, Brown filed the instant federal habeas corpus petition. (Doc. 1, petition).

Petitioner's appeal in the Pennsylvania Superior Court is currently pending.

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this Court issued formal notice to Brown that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 4). On January 27, 2012, Petitioner returned the Notice of Election, indicating that he wished to have his petition ruled on as filed. (Doc. 5, Notice of Election).

On February 8, 2012, a Show Cause Order was issued, directing that the petition be responded to as filed. (Doc. 6). A response to the petition was filed on February 27, 2012. (Doc. 9). A traverse was filed on April 9, 2012. (Doc. 12). Accordingly, the petition for writ of habeas corpus is ripe for disposition.

**Discussion**

**I. Exhaustion/Procedural Default.**

**A. Legal Standards.**

The exhaustion rule, codified in 28 U.S.C. § 2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in

the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509 (1982); Castille v. Peoples, 489 U.S. 346, 349 (1989).

"State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). See Walker v. Vaughn, 53 F.3d 609, 615 (3d Cir. 1995) (quoting Keeney v. Tamayo–Reyes, 504 U.S. 1 (1992) for the proposition: "Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claim on the merits.").

An exception to the exhaustion rule exists if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).

In rare instances a federal habeas court may deviate from the exhaustion requirement in cases where the delay in the state court is unreasonable or otherwise unjustified. See Walker, 53 F.3d at 614 ("The principal instance for excusal of the exhaustion is inordinate delay rendering the state remedy 'effectively unavailable.'"). See also Wallace v. Dragovich, 143 Fed. Appx. 413, 416 (3d Cir. 2005). The shortest delay which the Third Circuit Court of Appeals has found to excuse the exhaustion requirement is thirty-three (33) months. See Cristin v. Brennan, 281 F.3d 404, 411 (3d. Cir.) (citing Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986)), cert. denied, 537 U.S. 897 (2002).

### B. Petitioner Does Not Meet the Exhaustion Requirements, Nor Can The Failure to Exhaust Be Excused.

As Petitioner, himself, recognizes, the issues raised in his habeas petition are the subject of his pending direct appeal in the state court. They are, therefore, unexhausted. The only question is whether the exhaustion requirement should he excused. Under the circumstances of this case, the Court concludes that Petitioner's failure to exhaust his habeas claims should not be excused.

Petitioner's appeal has been pending for seven (7) months before the Pennsylvania Superior Court, significantly less than the threshold period of delay which has been set by the Third Circuit Court of Appeals. The delay on direct appeal is not inordinate, nor do the circumstances of this appeal render the state appellate process ineffective to protect Petitioner's rights. Thus, there is no basis to excuse his failure to exhaust, and Petitioner's direct appeal must run its course.

### C. The Circumstances Do Not Warrant A Stay Of The Habeas Petition Pending Exhaustion of State Remedies.

The United States Supreme Court, in Rhines v. Weber, 544 U.S. 269 (2005), announced a "stay and abeyance" procedure which is applicable to § 2254 habeas petitions that includes exhausted and unexhausted claims and is "available only in limited circumstances." Rhines, 544 U.S. at 277. A habeas court may stay a habeas petition, rather than dismissing the petition without prejudice, pending the complete exhaustion of state remedies if the court "determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Id.

The Third Circuit Court of Appeals has held that the Rhines "stay and abeyance" procedure is equally applicable when the petitioner presents only unexhausted habeas claims. A stay of the federal habeas action should be granted only where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

indication that the petitioner engaged in intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

Both the Rhines and Heleva Courts focused on timeliness concerns, namely whether a subsequent habeas petition would be untimely under AEDPA. See Rhines, 544 U.S. at 275) ("As a result of the interplay between AEDPA's 1–year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims."). See also Heleva, 581 F.3d at 192–93 (declining to "definitively outline the bounds of" good cause but directing the District Court to consider the amount of time the petitioner had left under the AEDPA statute of limitations in making its good cause determination).

The concern that a subsequent habeas petition filed by Brown would be untimely is not present in this case because Petitioner's direct appeal rights were reinstated and his appeal is currently pending. Thus, his conviction has not yet become final for the purposes of the habeas one-year statute of limitations, and his petition will be dismissed.

A separate Order will be issued.

Dated: June 12, 2012

*[signature]*
**United States District Judge**